EASTERN DIST.
*February*, 1832.

**COURCELLE VS. LAUSANS ET ALS.**

\ APPEAL FROM THE COURT OF THE FIRST DISTRICT.

COURCELLE
*vs.*
LAUSANS ET ALS.

In an action by an undertaker of work, the testimony of persons of the same class should be received *cum grano deductionis*.

Where the parties entered into a written contract to build for a certain sum, and afterwards made a verbal agreement, by which the original plan was changed, in an action by the undertaker on a *quantum meruit* the defendant may give in evidence the original contract to show the value of work under the verbal agreement.

If on a question of fact the appellate court differ with the judge below, his judgment will be reversed.

*Seghers*, for appellant.    *Denis*, for appellee.

The facts are stated in the opinion of the court, delivered by *Mathews, J.*

This case presents a claim on a *quantum meruit* for work and labor done by the plaintiff, and materials furnished in constructing a house, for the defendants. The court below gave judgment in favor of the former, to the amount of twelve thousand and ninety-six dollars and ten cents, from which the latter appealed.

It appears by the evidence of the cause, that a written contract was made between the parties, in which the plaintiff agreed to build for the defendants, a house as described in said contract, for the sum of seven thousand five hundred dollars. The plan of the building was afterwards so much enlarged and altered by mutual consent, as to require in its construction, more than double the expense of materials and labor, which would have been necessary to complete the house on its original plan. In consequence of this alteration, it is contended on the part of the plaintiff, that the written contract ought not to be taken into consideration, in adjusting the value of services by him rendered, in the final completion of work, which he estimates to be worth nineteen thousand dollars. It is true that this estimation is established as just,

EASTERN DIST.
February, 1832.

COURCELLE
vs.
LAUSANS ET ALS.

In an action by
an undertaker of
work, the testi-
mony of persons
of the same class
should be re-
ceived *cum gra-
no deductionis.*

Where the par-
ties entered into
a written con-
tract to build for
a certain sum,
and afterwards
made a verbal
agreement by
which the origi-
nal plan was
changed, in an
action by the un-
dertaker on a
*quantum meruit,*
the defendant
may give in evi-
dence the origi-
nal contract to
show the value
of work under
the verbal agree-
ment.

If on a ques-
tion of fact the
appellate court
differ with the
judge below, his
judgment will be
reversed.

by some of the witnesses who testified in the cause, and the judge *a quo* seems to have based his judgment on it. These witnesses are undertakers of buildings, and were chosen by the plaintiff who belongs to the same corps, and although there is nothing in the record directly opposed to their credibility, yet perhaps, their testimony should be taken *cum grano deductionis.*

The original contract in writing by which the undertaker agreed to build the house according to the first plan, for seven thousand five hundred dollars, was offered in evidence by the defendants, and received. A bill of exceptions to its admissibility was taken. We are of opinion, that it was properly admitted. It may not be conclusive on the parties, in relation to their subsequent verbal agreement, but is certainly competent evidence, in estimating the value of the work and labor, as performed under this agreement. The first contract being in relation to a part of the whole work finally agreed on, ought to have considerable weight in adjusting its value, it is not separate and distinct from the latter agreement. They are in truth, so connected with each other, that one of the witnesses estimates the additional labor in completing the house, by reference to that contract, and considers a fair allowance, in addition to the sum therein stipulated, to be eight thousand dollars: To the testimony of this witness and the amount as stated by the plaintiff, in his attempt to settle with the defendants, (in which he claims a balance of sixteen thousand two hundred and seventy dollars,) we think more weight is due, than to the opinions of the experts called in by him on the trial of the cause. The damages alleged to have been caused to the appellants, by an unreasonable delay in finishing the building, are not so distinctly ascertained by the evidence on that subject, as to authorise any reduction of the plaintiff's demand on this account. In truth it is not clearly proven, that any unjustifiable procrastination took place.

A just decision of the case, depends mainly on matters of fact and arithmetical calculation. As our conclusions on the

facts, differs from that of the judge below, his judgment must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the plaintiff do recover from the defendants and appellants, the sum of nine thousand and eighty-one dollars, with costs in the court below, those of the appeal, to be borne by the appellees.